### FRANK J. OVIATT

*v.*

### THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

STATUTE OF LIMITATIONS—*claim must be filed within two years from time cause of action accrues.* Claim for injuries to land by reason of construction of dam by the State and consequent overflow of river is barred by statute of limitations, if not filed within two years after the closing of dam.

The claimant filed a petition in this case on the 1st day of May, 1880, with the Auditor of Public Accounts. The petition avers, among other things, that the claimant is the owner of the west half (W. $\frac{1}{2}$) of fractional section 26 and the southwest quarter (S. W. $\frac{1}{4}$) of section 23, township 7 north, range 7 east of the 4th P. M., containing 382 acres; that a dam had been built by the authority of the State of Illinois, in the Illinois river at Copperas Creek which had permanently raised the water in said river, thereby damaging 264 acres of land above described.

We have not investigated the merits of this claim for the reason that, in our opinion, the same is barred by the statute of limitations.

The dam built in the Illinois river, which it is alleged caused the damage complained of, was closed in October, 1877. As we have before decided in the case of William

R. Fairbanks for the use of the First National Bank of Lacon v. The State of Illinois, the cause of action accrued at that time and the claim not having been filed within two years after the cause of action had accrued it is barred by the statute of limitations.

Our conclusion is that the claim being barred by the statute of limitations for that reason it is rejected.